## H. L. DEVELOPMENT COMPANY, INCORPORATED, RE-SPONDENT, v. CONSOLIDATED MORTGAGE LOAN COMPANY, INCORPORATED, APPELLANT.

Decided May 11, 1929.

.Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *G. Frank Shanley*.

For the respondent, *Louis Rubenstein* (*Charles Rubenstein*, of counsel).

PER CURIAM.

The plaintiff, H. L. Development Company, recovered a judgment in the District Court of Bayonne, against the defendant, for the sum of $100.

The facts, briefly stated, are that on February 18th, 1928, the development company made an application to the Con-

solidated Mortgage Loan Company, the appellant here, for a construction mortgage loan of the sum of $45,000, said loan to be secured by bond and mortgage covering certain premises described in the application, and located in the city of Hackensack.

At the time of the making of the application by the development company for the loan, it paid to the defendant, the mortgage loan company, an advance charge of $100 for legal fees, which payment was to be credited to final costs when the loan was granted and accepted, and if the loan was not accepted by the applicant within ten days, the sum so paid was not to be returned.

On February 27th, 1928, the loan was granted by the mortgage loan company, and was accepted by the development company, in accordance with the terms of the application. An agreement was entered into between the parties on February 27th, 1928, as to the amounts of, and the times when, the sum of $35,000 which was to be paid in six payments, should be paid. The total amount to be paid being $45,000, there being a prior first mortgage of $10,000 on the property. On March 19th, 1928, the mortgage loan company gave notice to the development company of certain objection to the title to said property, which objection was that the premises in question were encumbered with a certain mortgage held by one E. Edward Burr, in the sum of $7,200; and further, that the development company had not produced a certain plot plan of the premises, and therefore it, the mortgage company, refused to make the mortgage loan and to return the $100.

There were also other minor objections. The objections appear to have been answered, on the following day by a letter written by the attorney of the development company, and the facts therein stated seem to be supported by the testimony in the cause, and thus raised factual questions to be decided by the trial judge.

We think from an examination of the testimony, and the exhibits in the cause, that there was a basis laid by the plaintiff in the court below for the finding by the trial judge that

the mortgage loan company refused to carry out its agreement, and canceled the loan, for the reason, as expressed by the trial judge, in his opinion, in disposing of the case, that the loan was not canceled because there was any defect in the title, but rather, because the loan was regarded as a bad risk.

In addition, we think that the mortgage loan company, having failed to make the loan, that under the clause in the written application, it could only properly retain the $100 paid to it by the development company in the event the development company refused to accept the loan. This the development company did not do. It held itself ready to accept the loan, as indicated by its letter to the mortgage loan company.

The judgment is affirmed, with costs.